WILLIAM E. CLARK, Administrator, Etc., of MARTHA VAN AMBURGH, Deceased, Plaintiff, *v.* DAVID E. VAN AMBURGH, Defendant.

*Statute of limitations — what a sufficient written acknowledgment, to remove bar of.*

The defendant made and filed an inventory of the estate of his intestate ; he made a copy, and inserted at the foot thereof copies of two promissory notes, given by him to the deceased, and inclosed the same to his co-administrator, in a letter, saying, "Inclosed I send a copy of the inventory taken yesterday." *Held,* that the copies of the notes and letter constituted a sufficient written acknowledgment of the notes to take them out of the statute of limitations. *Morrow* v. *Morrow* (12 Hun, 386) followed.

Submission of controversy, upon admitted facts, in pursuance of section 1279 of Code of Civil Procedure.

Martha Van Amburgh died March 9th, 1876. A few days afterwards letters of administration were issued to plaintiff and defendant — the defendant being her son; and plaintiff her son-in-law. In the life-time of the deceased, defendant, for value received, gave to her two promissory notes, one dated March 1st, 1868, and one November 8th, 1869 ; on the first of which a payment of $100 had been made on November 1st, 1868, which was the only payment made on said notes, or either of them, by defendant.

The defendant resided at the place where deceased resided at the time of her death, and plaintiff resided some fifty or sixty miles away. On the 23d of March, 1876, an inventory of the estate of deceased was made, in due form, by appraisers, under the direction of the defendant; it being done at his residence. The plaintiff was not present.

March 24th, 1876, the defendant wrote to the plaintiff a letter, in which he said: "Dear Brother, inclosed I send a copy of the inventory taken yesterday." He inclosed a copy of the inventory filed with the surrogate, except that at the end thereof, and before his signature, he had inserted the following items:

1 note D. E. Van Amburgh - - - - $500 00
1 note D. E. Van Amburgh - - - - - 100 00

The question was, whether this was a sufficient written acknowledgment to remove the bar of the statute of limitations.

*W. Farrington,* for the plaintiff. The acknowledgment was made to his co-administrator, and is therefore good within the cases, which hold that it must be made to the creditor, or some one acting for him. The acknowledgment is made to the creditor; it is voluntary; it is unqualified; and is signed by the party to be charged. (*Chace* v. *Higgins,* 1 Sup. Ct. R. [T. & C.], 229; *Murray* v. *Foster,* 20 Johns. Rep., 576; *Stewart* v. *Foster,* 18 Abb. R., 305.)

*W. Morgan Lee,* for the defendant. To revive a debt, barred by the statute of limitations, there must be either an express promise, or an acknowledgment of a present indebtedness; a subsisting liability, and a willingness to pay it. (*Allen* v. *Webster,* 15 Wend., 284; *Stafford* v. *Richardson,* 15 id., 302; *Winchell* v. *Hicks,* 18 N. Y., 558; *Bech* v. *Morrison,* 1 Peter's U. S. Repts., 351, etc.; *Purdy* v. *Austin,* 3 Wend., 187; *Stafford* v. *Bengen,* 2 id., 532; *Hancock* v. *Bliss,* 7 id., 267.)

DYKMAN, J.:

In the case of *Morrow* v. *Morrow* (12 Hun, 386), we held that the insertion in an inventory of a note, theretofore made by the executor to his testator, was a sufficient acknowledgment of the indebtedness by the executor to take the case out of the statute of limitations. In that case the inventory was verified by the executor in the manner required by law; that it was a true inventory of all the just claims of the deceased against the executor. In this case, the promissory notes held by the deceased against the defendant were not named in the inventory filed at all, but he inserted them at the foot of a copy of the inventory, and then inclosed the copy in a letter to his co-administrator, which letter was signed by him and contained this sentence: "Dear Brother, inclosed I send a copy of the inventory taken yesterday."

If the paper inclosed had been a copy of the inventory as made, then the case of *Morrow* v. *Morrow* would have been an authority for the plaintiff. The defendant, however, inserted these notes in the copy of the inventory, and then signed a writing which said it was a copy of the inventory. What did he mean by that? Did he mean to say, I intend to have the inventory in this shape, and

to have my two notes on it as a part of the assets of the estate of my intestate, and to acknowledge the existence of my indebtedness on these notes? We think this must be held to be the legal effect of this act, otherwise his letter means nothing, so far as these notes are concerned, and that is not to be presumed. Contrarywise, it is better to presume that he meant to say, in effect, I send you the inventory of property, by which I intend to be controlled in the settlement of this estate. It contains two notes of mine, and they are in existence and valid.

We think this declaration in writing to the administrator of the estate took the notes out of the statute, and that the plaintiff must have judgment on the submission, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment for plaintiff on submitted case, with costs.